UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABRINA SMITH,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>H.F.D. NO. 55, INC., dba J. CREW,<br><br>　　　　　　Defendant. | No.　2:15-cv-01293-KJM-KJN<br><br><u>ORDER APPROVING SETTLEMENT</u> |

　　　　　　The parties jointly request the court approve the settlement between the parties, as required by California's Private Attorneys General Act (PAGA), Labor Code § 2698, *et seq*.  The parties further request dismissal with prejudice of plaintiff's individual claims in this suit, including plaintiff's individual PAGA claim, and dismissal without prejudice of the representative PAGA claim as to any aggrieved employee other than plaintiff.  The parties additionally seek dismissal with prejudice as to the remainder of plaintiff's arbitration claims.

　　　　　　For the reasons below, the court approves the settlement, dismisses plaintiff's individual claims and arbitration claims with prejudice, and dismisses the representative PAGA claim without prejudice.

/////

/////

1

I. BACKGROUND

    A. Factual Background

        Plaintiff Sabrina Smith worked for defendant company H.F.D. No. 55, Inc. dba J. Crew from 2009 to 2013, as a Retail Sales Associate with some managerial authority. ECF No. 1-1 at 4. In February 2014, Smith was involved in an off-duty motor vehicle collision and suffered injuries to her back. *Id.* at 5. Smith alleges that she presented a letter from her physician to J. Crew, but no one at J. Crew ensured adherence to the physical restrictions her physician identified for her. *Id.* Smith alleges J. Crew's failure and refusal to provide required meal and rest periods and failure to accommodate Smith's back injury, despite repeated complaints, forced Smith to leave J. Crew. *Id.* at 6.

    B. Procedural Background

        Smith filed her complaint in the Superior Court of California, County of Solano. *See* ECF No. 1-1. Smith originally filed the complaint as a representative action under PAGA while including Smith's individual wage and hour claims. *Id.* Defendant then removed the suit to this court. ECF No. 1. The court later granted the parties' Joint Stipulation and Order Submitting Plaintiff's Individual Claims to Arbitration and Staying PAGA Claims, ordering (1) Smith to arbitrate her individual wage and hour claims; (2) dismissal with prejudice of Smith's ninth claim for failure to timely pay wages, tenth cause of action for failure to pay wages on termination and fourteenth cause of action for unfair business practices; and (3) stay of the PAGA representative claim for failure to furnish accurate wage statements, until completion of the arbitration. ECF No. 25 at 2–4.

        The parties have engaged in substantial settlement negotations and discussions, including in mediation. ECF No. 31 at 2. After continued negotiations following mediation, the parties reached an agreement on the terms of settlement. *Id.* Their agreement, discussed in more detail below, provides $75.00 will be paid to the California Labor and Workforce Development Agency ("LWDA") and $25.00 of the PAGA Settlement will be paid to Smith, for a total payment of $100.00. ECF No. 31-1 at 1–2.

## II. RELEVANT SETTLEMENT PROVISIONS

Under the PAGA, "court[s] shall review and approve any settlement of any civil action filed pursuant to [PAGA]." Cal. Lab. Code § 2699(l)(2). This court therefore must approve the settlement provisions related to Smith's PAGA claims. In discussing the settlement, the court will discuss only those provisions of the settlement that are relevant to the PAGA claims and the request for attorneys' fees and costs.

The settlement provides for a PAGA payment of $100.00, inclusive of costs and attorneys' fees incurred. ECF No. 31-1 at 1. Seventy-five dollars ($75.00) of this total sum will be sent to the LWDA. *Id* at 2. One check will be made payable to "Sabrina Smith" for the remaining twenty-five dollars ($25.00). *Id*.

## III. DISCUSSION

"An employee bringing a PAGA action does so as the proxy or agent of the state's labor law enforcement agencies, . . . who are the real parties in interest." *Sakkab v .Luxottica Retail N. Am. Inc.*, 803 F.3d 425, 435 (9th Cir. 2015) (internal citations omitted). Thus, "[a]n action brought under the PAGA is a type of qui tam action." *Id.* at 429. Because a settlement of PAGA claims compromises a claim that could otherwise be brought by the state, the PAGA provides that "court[s] shall review and approve any settlement of any civil action filed pursuant to [PAGA]." Cal. Lab. Code § 2699(l)(2).

A party seeking approval of a PAGA settlement must simultaneously submit the proposed settlement to the LWDA to allow the LWDA to comment on the settlement if the LWDA so desires. PAGA also states that courts may exercise their discretion to lower the amount of civil penalties awarded "if, based on the facts and circumstances of the particular case, to do otherwise would result in an award that is unjust, arbitrary and oppressive, or confiscatory." Cal. Lab. Code § 2699(e)(2). Because state law enforcement agencies are the "real parties in interest" for PAGA claims, the court's task in reviewing the settlement is to ensure the state's interest in enforcing the law is upheld. *Sakkab*, 803 F.3d at 435. The parties have represented they would "lodge a copy of [the settlement agreement] with the LWDA, as required by [section] 2699(l)(2)." ECF Nos. 29 at 3-4, 31 at 3-4; *see also* ECF No. 31-1 at 2 ("This Agreement will

also be lodged with the LWDA as required by California Labor Code section 2699(l)(2).").  There is no submission from LWDA on the court's docket reflecting a position on this settlement.

Other than the provisions discussed above, however, PAGA does not establish a standard for evaluating PAGA settlements.  Indeed, the LWDA has stated that it "is not aware of any existing case law establishing a specific benchmark for PAGA settlements, either on their own terms or in relation to the recovery on other claims in the action."  *Ramirez v. Benito Valley Farms, LLC*, No. 16-CV-04708-LHK, 2017 WL 3670794, at *3 (N.D. Cal. Aug. 25, 2017) (quoting from the LWDA response in *O'Connor v. Uber Technologies Inc.*, 201 F. Supp. 3d 1110 (N.D. Cal. 2016)).

At least one court has applied the factors in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), to evaluate a PAGA settlement.  *See O'Connor*, 201 F. Supp. 3d 1110 at 1134.  The *Hanlon* factors, which are used to evaluate class action settlements, include (1) the strength of a plaintiff's case; (2) the risk, expense, complexity and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed; (6) the expertise and views of counsel; (7) the presence of government participation; and (8) the reaction of class members to the proposed settlement.  *See Hanlon*, 150 F.3d at 1026.  Many of these factors are not unique to class action lawsuits and bear on whether a settlement is fair and has been reached through an adequate adversarial process.  Thus, the court finds these factors useful in evaluating a PAGA settlement.  However, three of the *Hanlon* factors—risk of maintaining class action status, presence of a governmental participant, and reaction of class members—are not relevant to a PAGA settlement that is not a class action and in which the LWDA is not involved.

For the above reasons, the court evaluates the PAGA settlement in light of the PAGA requirement that the award not be "unjust, arbitrary and oppressive, or confiscatory."  Cal. Lab. Code § 2699(e)(2).  The court also considers the five relevant *Hanlon* factors and discusses whether "the settlement provisions are at least as effective as the protections or remedies provided by state and federal law or regulation for the alleged violation."  Cal. Lab. Code § 2699.3(b)(4).

4

### A. "Unjust, Arbitrary and Oppressive, or Confiscatory" as to Defendant

This factor favors approval of the proposed settlement. The court finds no indication here that the settlement would be "unjust, arbitrary and oppressive, or confiscatory" with respect to defendant. *See* Cal. Lab. Code § 2699(e)(2). To the contrary, the settlement requires defendant to pay only a nominal amount.

### B. Strength of Plaintiff's Case

This factor favors approval. Courts have noted that legal uncertainty favors approval of a settlement. *See, e.g., Browning v. Yahoo! Inc.*, No. C04-01463 HRL, 2007 WL 4105971, at *10 (N.D. Cal. Nov. 16, 2007) ("[L]egal uncertainties at the time of settlement—particularly those which go to fundamental legal issues—favor approval."). Further, Smith has evaluated "the validity and strength of the asserted claims against problems of proof, collectability, and the legal standards" and believes the settlement is fair. ECF No. 31 at 3.

### C. Risk, Expense, Complexity and Likely Duration of Further Litigation

This factor strongly favors approval. Further litigation would necessitate further expenses and costs for both Smith and defendant. The settlement provides a timely, certain and meaningful recovery, while the outcome at trial—and any subsequent appeal—is not certain, and in any event would substantially delay recovery. Both Smith and defendant have concluded there were benefits to settling and acknowledge as much after taking into account the sharply disputed factual and legal issues involved as well the expense, time and burden of protracted litigation; it is in the best interest of all parties to settle. *Id.* at 2–3.

### D. Amount of Settlement

This factor favors approval. The settlement provides for $100 in PAGA penalties. Although this amount may appear to be low, it represents only "settlement of [p]laintiff's individual PAGA claim[]," not her representative PAGA claim. ECF No. 31-1 at 2. In contrast with all of Smith's other individual claims, the parties have stipulated to a dismissal without prejudice of representative PAGA claims. ECF No. 31 at 4. Thus, this factor favors approval.

E.   Extent of Discovery Completed and Stage of Proceedings

This factor weighs in favor of approval. "The PAGA figure is based, in large part, on the fact that . . . after nearly two and half years of litigation, no evidence of Labor Code violations as to other purportedly 'aggrieved' employees has been uncovered in the litigation." ECF No. 31 at 3. Examining the docket, the court observes only one opposed motion in the case, a motion to compel arbitration. *See* ECF Nos. 5–7. The court never issued a scheduling order. ECF No. 25 at 4 (vacating hearings, including a status (pretrial scheduling) conference, ECF No. 23). And the court previously stayed the case pending arbitration. ECF No. 25. The case is still at an early stage.

F.   Experience and Views of Counsel

This factor favors approval. The parties here are represented by competent and experienced counsel who favor settlement. Counsel include Nicholas Scardigli, a shareholder of Mayall Hurley P.C., and Janel Ablon and Elizabeth Staggs Wilson, shareholders of Littler Mendelson P.C., who are all experienced employment attorneys and PAGA practitioners. ECF No. 31 at 2; s*ee* ECF Nos. 5-2, 6-1, 21-2. Smith's counsel views this settlement as "fair to all parties and beneficiaries"; defendant's counsel "concluded there were benefits associated with settling" after taking "into account the risk attending further defense, the expense, time, and burden of protracted litigation, and the desire to put the controversy to rest." ECF No. 31 at 3.

G.   Totality of the Circumstances

Each of the six relevant factors discussed above favors final approval. The parties reached settlement on the PAGA claims only after "substantial negotiations and discussions, including at mediation" and "after continued settlement negotiations following mediation." ECF No. 31. For these reasons, the court finds that the proposed settlement is fair and reasonable and promotes the purposes of the PAGA. Therefore, the court GRANTS the parties' joint request for settlement approval.

IV.   CONCLUSION

For the foregoing reasons, the court approves the settlement under PAGA. Plaintiff's individual claims and arbitration claims are DISMISSED with prejudice. The

6

representative PAGA claim is DISMISSED without prejudice.  The Clerk of Court shall CLOSE the case.

        IT IS SO ORDERED.

DATED:  April 19, 2018.

                                    UNITED STATES DISTRICT JUDGE